COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


EDWARD E. STROUPE, JR.
                                          MEMORANDUM OPINION*
v.    Record No. 2261-01-3                    PER CURIAM
                                          FEBRUARY 5, 2002
RADIO SHACK/TANDY CORPORATION AND
 TRANSPORTATION INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Edward E. Stroupe, Jr., pro se, on brief).

             (Ramesh Murthy; Penn, Stuart & Eskridge, on
             brief), for appellees.


     Edward Stroupe (claimant) contends the Workers'

Compensation Commission erred in finding (1) he failed to prove

that his alleged unpaid medical bills and mileage expenses were

causally related to his compensable injury by accident because

he failed to submit supporting documentation to the commission;

and (2) the Harcourt Learning Direct Program, costing $818, and

home equipment to establish a recording studio, costing

approximately $18,000, were not employer's responsibility as

reasonable and necessary vocational rehabilitation services.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's request for reimbursement of various medical bills and mileage expenses, the commission found as follows:

> [Claimant] must prove that his medical treatment was causally related to an industrial injury. There is no opinion by Dr. [Cecil B.] Knox[, III] regarding a causal relationship between the treatment he has provided and the subsequent referrals, prescriptions, and laboratory work-ups. In fact, the only opinions about the claimant's current condition are from Drs. [Todd W.] Sweeney and [Thomas B.] Sato who conclude that [claimant] no longer requires ongoing treatment. From this evidence, we find no error in Deputy Commissioner Stevick's finding that the employer is not responsible for these outstanding costs, if any.
>
> Similarly, we find that the claimant has submitted detailed evidence of his accrued mileage expenses for medical treatment. However, as stated, there is no medical evidence that the treatment is related to his compensable injury by accident. The claimant's personal opinion is not persuasive in light of Drs. Sweeney and Sato's conclusions that the treatment is

unnecessary, and given the lack of opinion from either Dr. [Charlene M.] Truhlik or Dr. Knox.

The record supports the commission's findings. In light of the lack of evidence causally relating claimant's medical and mileage expenses to his compensable injury by accident and the opinions of Drs. Sweeney and Sato, we cannot find as a matter of law that claimant's evidence sustained his burden of proof.

## II.

Under Code § 65.2-603(A)(3), an employer is required to furnish reasonable and necessary vocational rehabilitation training services at the direction of the commission. These "services shall take into account the employee's preinjury job and wage classifications; his age; aptitude, and level of education; the likelihood of success in the new vocation; and the relative costs and benefits to be derived from such services." Id.

In denying claimant's request for reimbursement of the cost of the learning program and the home equipment as vocational rehabilitation services, the commission found as follows:

> As noted by Deputy Commissioner Stevick, there is no evidence concerning the claimant's disability, if any. No medical record establishes that he is unable to return to his preinjury employment. The vocational rehabilitation services proposed by the claimant represent a considerable investment. Given that the Commission has no proof of his disability, we cannot determine that vocational rehabilitation services are even warranted. We decline to

- 3 -

> assume the likelihood of success or of the benefits to be obtained through these services. We agree that the Deputy Commissioner reasonably denied the request.

The record supports the commission's findings. In light of the lack of any medical documentation establishing claimant's disability or inability to work and the high cost of the services requested, we cannot find as a matter of law that claimant's evidence proved that the services he requested were compensable as vocational rehabilitation services under the Act.

For these reasons, we affirm the commission's decision.

Affirmed.